UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MONTENEGRO,<br><br>   Petitioner,<br><br>  v.<br><br>DEBBIE ASUNCION,<br><br>   Respondent. | No. 1:18-cv-01647-DAD-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 24) |

   Petitioner Luis Montenegro is a state prisoner proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On June 29, 2020, the assigned magistrate judge issued findings and recommendations, recommending that the petition of writ of habeas corpus be denied. (Doc. No. 24.) These findings and recommendations were served upon petitioner and contained notice that any objections were to be filed within fourteen (14) days from the date of service of that order. (*Id*.) On July 13, 2020, petitioner timely filed objections to the findings and recommendation. (Doc. No. 25.)

   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review. Having carefully reviewed the entire file, including petitioner's objections, the

/////

1

court concludes that the findings and recommendation are supported by the record and proper analysis.

Petitioner's sole claim in his petition for federal habeas relief filed with this court is that his Sixth and Fourteenth Amendment rights were violated when the state trial court in his criminal prosecution admitted allegedly testimonial hearsay by the prosecution's gang expert. (Doc. No. 1 at 9.) In this claim, petitioner argues that his trial was prejudiced by a violation of the Confrontation Clause, since he was unable to confront and cross-examine the prosecution's gang expert. (Doc. No. 25 at 4–5.) Respondent did not contest that a Confrontation Clause violation occurred, but asserts that any such error in admitting the gang expert's testimony at petitioner's trial was harmless. (Doc. No. 14 at 14–20.)

After performing a lengthy analysis addressing the factors used to determine prejudice in the Confrontation Clause context, the assigned magistrate judge recommended that federal habeas relief be denied. (Doc. No. 24 at 15–21.) The assigned magistrate judge emphasized that this recommendation was due to the highly deferential standards the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to apply to the decisions that state courts had reached on the merits, and noted that "if this Court were conducting a *de novo* review, it may have come to a different conclusion." (*Id*. at 6–7, 19–20.) As the assigned magistrate judge correctly outlined, here AEDPA restricts the reviewing court to determining "whether the California Court of Appeals' harmlessness determination was objectively unreasonable, *i.e.*, that it "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement.'" (*Id*. at 20.)

Petitioner's objections focus on the conclusion reached in the pending findings and recommendations that petitioner was not prejudiced by the alleged violation of his Sixth and Fourteenth Amendment rights. (Doc. No. 25 at 4–7.) Furthermore, in the pending findings and recommendations, the assigned magistrate judge acknowledged that due to the limited standard of review required by AEDPA, petitioner had failed to show the state court's conclusion that the admission of the gang expert's testimony was "objectively unreasonable." (Doc. No. 24 at 19–21.) Petitioner's objections do not address the applicable legal standards but, instead, repeat

arguments in support of finding prejudice that he has previously asserted.  (*See generally* Doc. No. 22.)  Because petitioner's objections are unpersuasive and the analysis set forth in the pending findings and recommendations are supported by both the record and the law, the court will adopt those June 29, 2020 findings and recommendations in full.

Finally, the court declines to issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the present case, the court finds that reasonable jurists would not find the court's rejection of petitioner's claim to be debatable or conclude that the petition should proceed further.  Thus, the court declines to issue a certificate of appealability.

Accordingly, for the reasons set forth above:

1. The findings and recommendation issued on June 29, 2020 (Doc. No. 24) are adopted;
2. The petition for writ of habeas corpus is denied;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 8, 2021**

UNITED STATES DISTRICT JUDGE

4